501 P.2d 52

**Luther HUME, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Holmes & Narver, Inc., Respondent Employer,**

**State Compensation Fund, Respondent Carrier.**

**No. 1 CA–IC 626.**

Court of Appeals of Arizona,
Division 1,
Department A.

Sept. 21, 1972.

Rehearing Denied Oct. 18, 1972.

Review Denied Nov. 14, 1972.

Morgan & Jerome, by Donald J. Morgan, Phoenix, for petitioner.

William C. Wahl, Jr., Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

Robert K. Park, Chief Counsel, State Compensation Fund, by James E. McDougall, Phoenix, for respondent carrier.

DONOFRIO, Judge.

This case is before the Court on a writ of certiorari to review the lawfulness of an award of The Industrial Commission of Arizona.

Petitioner was injured in the course of his employment at Ray, Arizona, on February 5, 1968 when a 4″x6″ beam slipped off a jack which was supporting it and fell on petitioner's head and neck rendering him unconscious. On October 2, 1969 the Industrial Commission accepted his claim for temporary benefits from February 6, 1968 through July 13, 1969.

On May 15, 1969 petitioner returned to work. On April 2, 1970, while in the course of his employment, he experienced severe lower back pain which necessitated the aid of his co-workers to lift him out of a three-foot hole in which he was working. Formal hearing on a petition to reopen the claim was held April 19, 1970, the primary issue being whether the low back condition was a new, additional, or previously undiscovered physical condition related to the accident of February 5, 1968. In essence, the recent complaint was a numbness and a dragging sensation in petitioner's right leg.

The reopening petition was accepted on April 24, 1970, but treatment was limited to the head, neck and shoulder. A hearing was timely requested on April 27, 1970 to prove that the petition to reopen should have included treatment for the lower back. The writ of certiorari in this instance is from the hearing held on October 19, 1970 to determine whether benefits on a petition to reopen should have been extended to include the aforementioned lower back problem. On November 19, 1970 the hearing officer denied the petition. On January 25, 1971 the Industrial Commission affirmed the award of the hearing officer, with two commissioners dissenting from the denial of benefits for the lower back complications which they felt were related to the 1968 injury.

On review we are concerned with whether the petitioner proved that his leg complaints were causally related to the industrial incident as a result of disc herniation from the trauma incurred at the time of impact. The only medical testimony at the October 19, 1970 hearing was from Dr. Marion Peterson, an orthopedic specialist whom petitioner had used throughout the course of treatment.

■ It is axiomatic that a petition to reopen must allege new, additional, or previously undiscovered disability, and said disability must be causally related to the industrial incident by evidence from a medical expert. A.R.S. § 23–1061, subsec. H. In reviewing the transcript, we are guided by the recent pronouncement of our Supreme Court in Micucci v. Industrial Commission, 108 Ariz. 194, 494 P.2d 1324 (1972) that some uncertainty is characteristic of all medical testimony.

Bearing in mind the requirements of the law, we have reviewed the record carefully. We find that this is not a situation of conflict in the evidence. The case calls for our analysis of the testimony of only one doctor. We do find isolated examples where answers of this expert witness may not have been as responsive to the questions as would optimally be desired. How-

ever, when, his testimony is taken as a whole, and all the inferences are drawn from the language used, the testimony is not equivocal and there is but one conclusion the doctor is giving. That conclusion is, that based on a reasonable medical probability, the disability was causally related to the industrial incident.

A thorough review of the record has led this Court to the conclusion that Dr. Peterson did relate the lower back pain and attendant leg problems to the 1968 injury. Dr. Peterson did state that a blow on the head could, according to reasonable medical probability, traumatize the entire spine.

■ We are unable to find that the doctor's testimony is in the realm of conjecture or mere possibility. In the opinion of the Court, the award of the Industrial Commission is not reasonably supported by the evidence.

The award is set aside.

STEVENS, P. J., and CASE, J., concur.